## FERGUSON v. HARRIS.

### No. 12811.

Court of Civil Appeals of Texas. Dallas.
Dec. 9, 1939.

Rehearing Denied Jan. 6, 1940.

John W. Pope, Sr., and Hugh W. Ferguson, Jr., both of Dallas, for appellant.

W. B. Harrell and Russell Allen, both of Dallas, for appellee.

LOONEY, Justice.

Felix Harris, as receiver of the Dallas Mortgage Securities Company (a corporation in dissolution), brought this suit against H. W. Ferguson and H. O. Pool, alleging in first count, of the petition, that: "Plaintiff would show that heretofore and on and prior to the 29th day of November 1929, defendants, H. W. Ferguson and H. O. Pool, having devised, and intending to devise a scheme and artifice to defraud the said Dallas Mortgage Securities Company, did on the said 29th day of November 1929, unlawfully, wilfully and without authority, convert $5,000 of the monies and funds of said corporation, and appropriated the same to the use and benefit of said H. W. Ferguson. That the object of such scheme and artifice to defraud was affected and such conversion accomplished in the following manner;", followed by detailed allegations in regard to the conduct of the parties involved in the alleged conversion of $5,000; and, alternatively, in a second count, alleged, "that on and prior to the 28th day of October 1929, the defendants H. W. Ferguson and H. O. Pool, having devised and intending to devise a scheme and artifice to defraud said corporation, did on the said 28th day of October 1929, unlawfully, wrongfully and without authority, convert and misappropriate 500 shares of the capital stock of said corporation, of the value then of $5,000 to the use and benefit of the said H. W. Ferguson. That the object of said scheme and artifice was affected by, and such unlawful conversion and misappropriation accomplished by, the following means:", followed by detailed allegations as to the conduct of the parties involved in the alleged fraudulent conversion and misappropriation of 500 shares of the capital stock of the company, and further, in the alternative, alleged in a third count, "that heretofore on about the 21st day of July 1926 the said defendant, H. W. Ferguson, subscribed for, among other shares of the stock of said corporation, 500 shares of such stock at $10.00 per share, which subscription is evidenced by an instrument in writing, and by such subscription promised and agreed and became bound and obligated to pay to said corporation the sum of $5,000 * * *", alleging, in connection with and as a part of the third count, the conduct of the parties involved in the issuance to Ferguson of a certificate for 500 shares of stock, and his failure and refusal to pay for same.

The defendant Ferguson answered, denying plaintiff's allegations and, at great length, combatted his allegations as to

fraud and conversion, specially pleading that he had paid for all stock for which he had subscribed.

When plaintiff rested, Ferguson moved for an instructed verdict, on the ground that the evidence was insufficient to sustain either count, which was overruled by the court; and, at the conclusion of the evidence, again moved for an instructed verdict for the same reason, which was also overruled. In addition to requests for an instructed verdict, Ferguson excepted to the charge as given, on the ground that the undisputed evidence showed that he had paid the company for all stock for which he had subscribed.

The case was submitted on only one issue, framed and requested by plaintiff, as follows: "Do you find from a preponderance of the evidence that H. W. Ferguson is indebted to Farmers Fund of Texas (or its successor, Dallas Mortgage Securities Company) in the sum of $5,000.00 on his subscription to the capital stock of said corporation?", which, being answered in the affirmative, the court rendered judgment for plaintiff against Ferguson, and his motion for a new trial being overruled, he excepted, gave notice of, and perfected, this appeal.

(As judgment was rendered in favor of the defendant Pool, and no appeal therefrom taken, his connection with the case will not be given further notice.)

In his motion for a new trial, defendant Ferguson assigned error on the action of the court in denying his requests for an instructed verdict and in submitting the cause, because of the insufficiency of the evidence; these alleged errors are brought forward in appropriate assignments and urged in propositions, which, in our opinion, present but one question, that is, whether or not the evidence authorized the issue and sustains the verdict of the jury.

It is obvious, we think, that the first two counts of plaintiff's petition are based upon alleged torts, (1) involving the alleged fraudulent conversion of $5,000 of the company's money, and (2) the alleged fraudulent conversion of 500 shares of its capital stock, of the value of $5,000. The court refused to submit either of these issues, but submitted the case on the issue, presented in the third count, alleging breach by the defendant of his subscription contract, that is, that he had failed and refused to pay for 500 shares of the capital stock of the company, of the value of $5,000.

The facts bearing on the issues submitted are few, and undisputed, as follows: On October 28, 1929, all of the capital stock of the Dallas Mortgage Securities Company had previously been issued and paid for, except 688 shares (par value of $10 per share), being a part of the stock subscribed for by defendant, Ferguson, who, it seems, on that day, had issued to himself certificate number 141, for 188 shares, and certificate number 142, for 500 shares, and in payment therefor, on the same day, drew his check on the Republic National Bank of Dallas, Texas, for $6,880, payable to the order of the Securities Company, which later (on November 30, 1929) was presented by the Company to the Bank, and was paid. These stark undisputed facts, in our opinion, show conclusively that Ferguson paid for all stock for which he had subscribed, hence fully discharged his subscription contract.

It will be observed that the three counts of plaintiff's petition are neither cumulative nor interchangeable, but that each presented a distinct and separate cause of action: (1) that Ferguson had fraudulently converted $5,000 of the Securities Company's money; (2) that he had fraudulently converted 500 shares of the capital stock of the Company, of the value of $5,000; and (3), that he had failed and refused to pay the Company $5,000, the amount due for stock. We think it perfectly obvious that the how or from whom Ferguson obtained the money deposited in the bank and later checked out, for the purpose of paying for the stock, presents another and a distinct story, allegedly disclosed in and forms the basis of count No. 1, wherein he is sought to be held liable for the conversion of $5,000 of the Company's money. That issue, although supported by evidence (which was disputed), was not submitted; but we do not think that, because there was evidence tending to establish a conversion of money, it authorized the submission of the issue in regard to the failure to pay for stock, or that it supported the finding of the jury on that issue, therefore, sustain appellant's assignments and proposition.

This brings us to the cross assignments. Appellee cross assigned error on the refusal of the court to submit his requested issue No. 1, as follows: "Do you find from a preponderance of the evidence that on about November 29th, 1929, H. W. Ferguson converted $5,000.00 of the

moneys and funds of Farmers Fund of Texas (or its successor, Dallas Mortgage Securities Company)? Answer yes or no. Answer ———". As the case will be remanded for further proceedings, we do not deem it proper to comment upon the evidence bearing upon this issue, except to say that, in our opinion, it should have been submitted, hence that the court erred in its refusal.

Appellee also assigns error on the refusal of the court to submit its requested issue, as follows: "Do you find from a preponderance of the evidence that H. W. Ferguson did on about October 28th, 1929, convert 500 shares of the capital stock of Farmers Fund of Texas? Answer Yes or No. Answer ———". Holding as we do, that the evidence showed conclusively that Ferguson discharged his stock subscription, it follows that he could not be held liable for converting stock, for which he had paid, therefore, find no error in the refusal of the court to submit the issue under consideration.

For errors heretofore indicated, the judgment will be reversed and the cause remanded for further proceedings, with instructions that, if the pleadings remain substantially as they now exist, the case should be tried alone under count No. 1, alleging fraudulent conversion of $5,000 of the Company's money. While the evidence on that issue is conflicting, it is the only issue that, in our opinion, the evidence tends to establish.

Reversed and remanded, with instructions.