## FERGUSON v. HARRIS.

### No. 12811.

Court of Civil Appeals of Texas. Dallas.

Feb. 6, 1942.

On remand after hearing in Supreme Court, 156 S.W.2d 135.

John W. Pope, Sr., and Hugh W. Ferguson, Jr., both of Dallas, for appellant.

W. B. Harrell and Russell Allen, both of Dallas, for appellee.

LOONEY, Justice.

On original submission, we reversed and remanded this cause for reasons fully set out in the opinion (see 135 S.W.2d 595). The Supreme Court reversed our decision for reasons appearing in its opinion, but remanded the cause to this Court for further consideration (156 S.W.2d 135, 136). The suit, in short, is an action by the receiver of the Dallas Mortgage Securities Company against H. W. Ferguson, to recover $5,000; the petition contains three counts: (1) That Ferguson fraudulently converted $5,000 of the company's money; (2) that he fraudulently converted 500 shares of the capital stock of the company, of the value of $5,000; and (3) that he owed the company $5,000 for an unpaid subscription to its capital stock. The petition set out at great length the facts in regard to the fraudulent means employed by Ferguson to obtain the company's money and the shares of its capital stock. In his answer, Ferguson joined issue on all allegations and specially plead that, he had paid the company for all stock, according to his subscription. Although conflicting, the evidence amply supported the allegations to the effect that, Ferguson had fraudulently obtained and converted $5,000 of the company's money, but this issue was not submitted, the only issue submitted being as follows: "Do you find from a preponderance of the evidence that H. W. Ferguson is indebted," etc., to the company in the sum of $5,000 on his subscription to its capital stock. The jury having answered the issue in the affirmative, judgment was accordingly rendered against Ferguson.

On the question of payment, the evidence was undisputed that Ferguson drew a check on the Republic National Bank of Dallas, payable to the order of the company, for the full amount due on his stock subscription, which was later paid by the bank to the company. There being no submission or finding by the jury on the issue regarding the alleged conversion of the company's money, we held that, the undisputed facts showing that according to the usual and customary manner of consummating such a transaction, Ferguson had paid for all stock for which he had subscribed; however, sustained appellee's cross-assignment, complaining of the refusal of his requested issue in regard to the conversion of the company's money, and remanded the cause for further proceedings. Reversing our decision, the

Supreme Court said: "It is clear from the opinion of the Court of Civil Appeals that its holding that the evidence conclusively established, as a matter of law, that Ferguson had fully paid for the stock subscribed for by him, is based upon its conclusion that even though Ferguson, by the scheme hereinabove outlined, fraudulently acquired $5,000 of the company's money and used same in paying the company for such stock, nevertheless, since the check given by Ferguson in payment for the stock was actually paid by the bank, necessarily the stock was thereby fully paid for. We are not in accord with this view. If Ferguson defrauded the company out of $5,000 and used same in paying the $6,880 check executed by him to the company, the jury had a right to assume that he was thereby merely returning that which he had wrongfully taken and that he was still indebted to the company for the stock. Corpus Juris announces the rule as follows: 'Delivery to a creditor of his own money or property cannot be regarded as a payment, although accepted as such by him in ignorance of the facts.' 48 C.J. 587. See, also, [President, etc., of] State Bank v. Welles, 3 Pick., Mass., 394; Moulton v. Robinson, 27 N.H. 550."

We do not disagree with the Supreme Court in regard to the substantive law of the case; if the issue as to the fraudulent conversion of the company's money had been submitted and found against Ferguson, we think it would follow, as a matter of law, that the delivery by him of money thus obtained from the company could not be regarded as a payment; but no such issue having been submitted, although supported by ample evidence, we did not think that, in answering the issue whether or not Ferguson was indebted to the company in the sum of $5,000 on his subscription (obviously a general submission), the jury would be authorized to determine the controverted issue in regard to conversion and conclude therefrom that, having paid the company with its own money, was still indebted in the amount stated, which we do not think was a fact finding at all, but necessarily a legal conclusion, tantamount to saying "We, the jury, find for the plaintiff." However, the Supreme Court says we were in error in holding that there was no evidence to support the jury's finding, and remanded the cause with directions that we consider and dispose of Ferguson's assignment of error to the effect that, the evidence was insufficient to support the finding of the jury.

We have duly considered appellant's assignment in light of the opinion of the Supreme Court, and, notwithstanding our views in regard to the procedural questions involved, out of deference to the opinion of the Supreme Court, hold that, the evidence authorized the verdict of the jury, therefore, overrule the assignment in question, and affirm the judgment of the court below.

Affirmed.